UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SUREN OHANJANYAN, | No. 5:26-cv-02465-JDE |
| Petitioner, | ORDER REGARDING PETITION |
| v. | |
| WARDEN / FACILITY ADMINISTRATOR, Adelanto ICE Processing Center, et al., | |
| Respondents. | |

On May 8, 2026, Suren Ohanjanyan ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities. Dkt. 1 ("Petition"). He contends that Immigration and Customs Enforcement ("ICE") re-detained him based on alleged ISAP/ATD violations without a meaningful individualized custody determination; his continued detention is excessive because less restrictive alternatives are available, were previously used, and can reasonably ensure compliance; and ICE's reliance on incomplete and contradicted information renders continued detention arbitrary, unreasonable, and unlawful. As for relief, Petitioner requests his immediate release from custody

under reasonable conditions and a declaration that his continued detention is unconstitutional and unlawful, or alternatively, an order requiring Respondents to provide Petitioner a prompt individualized custody hearing before a neutral decisionmaker where the government bears the burden of proof by clear and convincing evidence; an order enjoining Respondents from transferring Petitioner outside the District or removing him without advance notice to counsel and the Court; retention of jurisdiction to ensure compliance; and an award of attorney's fees and costs. Id. at 8-9.

On May 18, 2026, Respondents filed an Answer to the Petition, acknowledging that Petitioner is "seeking an order requiring Respondents to release him from immigration detention," and stating they "are not presenting an opposition argument at this time" and "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." Dkt. 8. On May 19, 2026, Petitioner filed a Reply, requesting his immediate release. Dkt. 9.

The Court interprets the Answer as an agreement by Respondents that the Court has authority to order Petitioner's release from immigration detention under the applicable law and Respondents do not oppose such relief. Therefore, with Respondents' non-opposition,

IT IS ORDERED that (1) the Petition is granted, in part, and Respondents are ORDERED to immediately release Petitioner from custody, subject to any preexisting release conditions; and (2) in all other respects, the Petition is denied and dismissed without prejudice.

Dated: May 20, 2026

_____
JOHN D. EARLY
United States Magistrate Judge

2